IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANDONG ANBUYING CROSS-BORDER E-COMMERCE CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TOP GLORY TRADING GROUP, INC., DP DREAM PAIRS INC., and MIRACLE MILES GROUP, INC., <br><br> Defendants. | Case No. 25-cv-4007 |

## COMPLAINT

Plaintiff, Shandong Anbuying Cross-border E-commerce Co., Ltd. ("Plaintiff"), by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, for its Complaint against Top Glory Trading Group, Inc. ("Top Glory"), DP Dream Pairs Inc. ("Dream Pairs"), and Miracle Miles Group Inc. ("Miracle Miles") (collectively, "Defendants") states as follows:

## NATURE OF ACTION

1. Plaintiff maintains exclusive rights to the federally registered copyrights: U.S. Registration Nos. VA0002370176 (" '176 Copyright"). and VA0002354851 (" '851 Copyright"). True and correct copies of the registration certificates for the above copyrights are attached as Exhibits A and B respectively (the "Anbuying Copyrights").

2. This action has been filed to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from, Plaintiff's copyrighted subject matter, through unauthorized and infringing products.

3. Upon information and belief, Defendants sells products that bear the Anbuying Copyrights.

4. Rather than innovating, Top Glory and Dream Pairs have copied the Anbuying Copyrights by making, offering for sale, selling, and/or importing at least the: (1) DREAM PAIRS Cowboy Boots for Women Cowgirl Western Mid Calf Boots Square Toe Embroidered Stitched Low Chunky Heel Pull On Fashion Boots; and (2) DREAM PAIRS Women's Cowboy Cowgirl Western Mid Calf Boots, Square Toe Embroidered Stitched Pull On Country Boots with Low Chunky Heel, (collectively, the "Infringing Works) as shown below.



| Plaintiff's Copyright: VA0002370176 (" '176 Copyright") | DREAM PAIRS Cowboy Boots for Women Cowgirl Western Mid Calf Boots Square Toe Embroidered Stitched Low Chunky Heel Pull On Fashion Boots |
|---|---|
|  | See Exhibit C. |



5. Plaintiff is forced to file this action to combat Defendant's infringement of its Anbuying Copyrights, as well as to protect unknowing consumers from purchasing the Infringing Works over the Internet.

6. Plaintiff has been and continues to be irreparably damaged by lost sales, lost licensing revenue, as well as the reduction of the fair market value of the copyrighted work as a result of Defendants' infringement and seeks injunctive and monetary relief.

## THE PARTIES

7. Plaintiff Shandong Anbuying Cross-border E-commerce Co., Ltd. is an e-commerce company based in China with its principal place of business located at No. 1 R&D

Building, Building 1, No. 6887 Liquan Street (East), Xiazhuang Town, Gaomi, City Weifang Shandong China 261500.

8. Upon information and belief, Defendant Top Glory Trading Group Inc. is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business located at 9500 Railroad Avenue, North Bergen, New Jersey 07047.

9. On information and belief, Defendant Top Glory also conducts business under the name "Dream Pairs."

10. Upon information and belief, Defendant DP Dream Pairs, Inc. is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business located at 9500 Railroad Avenue, North Bergen, New Jersey 07047.

11. On information and belief, Defendant Miracle Miles Group, Inc. is the parent company of DP Dream Pairs.

12. On information and belief, Miracle Miles is headquartered in Changsha, China, and it has offices in Los Angeles, Chicago, and New Jersey. Its New Jersey office is located at 9500 Railroad Avenue, North Bergen, New Jersey 07047.

13. On information and belief, Miracle Miles' Chicago office is located at 2074 George St., Melrose Park, Illinois 60160.

14. On information and belief, Miracle Miles' New Jersey office is its principal place of business in the United States.

15. Upon information and belief, Defendants own and/or sell products under the brand "Dream Pairs."

16. Upon information and belief, Mr. Chuan Shan (Brian) Cao is the founder and/or CEO of Top Glory and DP Dream Pairs. Mr. Cao uses his business entities to import, distribute,

4

and sell shoes throughout the United States, including the shoes accused of infringement in this litigation.

**JURISDICTION**

17. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, et seq and 28 U.S.C. § 1338.

18. This Court has personal jurisdiction over Defendants because Defendants have transacted business relative to the claims made within the State of Illinois and within this District and because Defendants purposefully availed themselves of the benefits and privileges of conducting business activities within the State of Illinois and within this District.

19. More particularly, Defendants utilize online retail accounts to promote and offer to sell the Infringing Works in Illinois and to Illinois residents, and provide for the shipment of the Infringing Works to customers in Illinois, such as on Amazon and through its own independent website.

20. Defendants have sold the Infringing Works in Illinois and shipped the Infringing Works to Illinois.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are foreign defendants and are subject to this Court's personal jurisdiction as alleged above.

**FACTUAL BACKGROUND**

23. Plaintiff is the exclusive licensee of the Anbuying Copyrights, providing it the sole rights to reproduce, prepare derivative works of, distribute copies of, and display the Anbuying Copyrights.

24. Plaintiff has duly complied with the provisions of the copyright laws of the United States and has secured rights and privileged in and to the design information and artwork.

25. Upon information and belief, Defendants began selling the Infringing Works after the filing date of the Anbuying Copyrights.

26. Without Plaintiff's authorization, Defendants make, use, offer for sale, sell and/or import into the United States the Infringing Works.

27. Upon information and belief, at least Defendant Top Glory conducts business on Amazon under the Amazon storefront: topshoesUS.

28. topshoesUS sells over 1,000 products on Amazon.

29. Top Glory also conducts business under multiple brand names, including but not limited to Dream Pairs, Bruno Marc, TOETOS and NORTIV8.

30. Dream Pairs is a well-known brand.

31. Defendant Dream Pairs conducts business through their independent website[1].

32. Defendant Dream Pairs also conduct business through various third party retailers including Walmart, JustFab, Nordstrom, and QVC.

33. Dream Pairs has a large social media presence by having over 66,000 followers on their Instagram account (account name: @dreampairsshoes)[2].

---

[1] *See,* https://www.dreampairs.com/

[2] *See,* https://www.instagram.com/dreampairsshoes/?hl=en

34. Dream Pairs holds themselves out as "Amazon's #1 Selling Fashion Footwear Brand" on their Instagram account[3].

35. Top Glory, by using the Dream Pairs brand, sells: (1) DREAM PAIRS Cowboy Boots for Women Cowgirl Western Mid Calf Boots Square Toe Embroidered Stitched Low Chunky Heel Pull On Fashion Boots[4]; and (2) DREAM PAIRS Women's Cowboy Cowgirl Western Mid Calf Boots, Square Toe Embroidered Stitched Pull On Country Boots with Low Chunky Heel[5], boots on Amazon.

36. Further, the DREAM PAIRS Cowboy Boots for Women Cowgirl Western Mid Calf Boots Square Toe Embroidered Stitched Low Chunky Heel Pull On Fashion Boots infringe Plaintiff's '176 Copyright.

37. The DREAM PAIRS Women's Cowboy Cowgirl Western Mid Calf Boots, Square Toe Embroidered Stitched Pull On Country Boots with Low Chunky Heel infringe Plaintiff's '851 Copyright.

38. The designs featured on the Infringing Works are nearly identical to Plaintiff's copyright.

39. It is inconceivable that Defendant could have created the Infringing Works without prior knowledge of the '176 Copyright and the '851 Copyright.

40. On information and belief, Defendant intentionally copied the designs of the '176 Copyright and the '851 Copyright and willfully infringed those copyrighted works.

---

[3] *Id.*

[4] *Ex. C*, https://www.amazon.com/DREAM-PAIRS-Embroidered-Stitched-DWUMMB2507/dp/B0DSFR2NVD/ref=sr_1_25?

[5] *Ex. D*, https://www.amazon.com/DREAM-PAIRS-Embroidered-Stitched-DWUMMB2512/dp/B0DSFSMLWL/ref=sr_1_35?

41. Defendants have infringed, and continue to willfully infringe, Anbuying Copyrights by making, using, selling, offering to sell, and/or importing the Infringing Works in this District and elsewhere in the United States, without consent or authorization by Plaintiff.

## COUNT II
## INFRINGEMENT OF '176 COPYRIGHT (17 U.S.C. §§ 106 and 501)

42. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

43. Plaintiff's '176 Copyright constitutes an original work and is copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*.

44. Plaintiff has exclusive rights in the '176 Copyright.

45. Plaintiff's '176 Copyright is protected by the registration attached hereto as Exhibit B, which was duly issued by the United States Copyright Office.

46. Plaintiff maintains the exclusive rights under the Copyright Act to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the design information and artwork that is the subject of the Certificates of Registration attached hereto as Exhibit A.

47. Plaintiff's '176 Copyright, or products embodying them, were published and sold on the Internet and available to Defendants as of the dates listed on the registration. As such, Defendants had access to Plaintiff's '176 Copyright via the Internet.

48. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivative works incorporating Plaintiff's '176 Copyright. Such conduct infringes and continues to infringe Plaintiff's '176 Copyright in violation of at least 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

8

49. Defendant's unlawful conduct has resulted in the design, manufacture, offer for sale, and sale of infringing products, for others.

50. Defendants reap the benefits of the unauthorized copying and distribution of Plaintiff's '176 Copyright in the form of revenue and other profits that are driven by the sale of Infringing Works.

51. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Infringing Works that capture the total concept and feel of Plaintiff's '176 Copyright.

52. On information and belief, the Defendant's infringement has been willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

53. Defendants, by its actions, have damaged Plaintiff in an amount to be determined at trial.

54. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

55. All of the acts of the Defendant as set forth in the preceding paragraphs are without permission, license, or consent of Plaintiff.

## COUNT II
## INFRINGEMENT OF '851 COPYRIGHT (17 U.S.C. §§ 106 and 501)

56. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

57. Plaintiff's '851 Copyright constitutes an original work and is copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*.

58. Plaintiff has exclusive rights in the '851 Copyright.

59. Plaintiff's '851 Copyright is protected by the registration attached hereto as Exhibit B, which was duly issued by the United States Copyright Office.

60. Plaintiff maintains the exclusive rights under the Copyright Act to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the design information and artwork that is the subject of the Certificates of Registration attached hereto as Exhibit B.

61. Plaintiff's '851 Copyright, or products embodying them, were published and sold on the Internet and available to Defendants as of the dates listed on the registration. As such, Defendants had access to Plaintiff's '851 Copyright via the Internet.

62. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivative works incorporating Plaintiff's '851 Copyright. Such conduct infringes and continues to infringe Plaintiff's '851 Copyright in violation of at least 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

63. Defendant's unlawful conduct has resulted in the design, manufacture, offer for sale, and sale of infringing products, for others.

64. Defendants reap the benefits of the unauthorized copying and distribution of Plaintiff's '851 Copyright in the form of revenue and other profits that are driven by the sale of Infringing Works.

65. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Infringing Works that capture the total concept and feel of Plaintiff's '851 Copyright.

66. On information and belief, the Defendant's infringement has been willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

67. Defendants, by its actions, have damaged Plaintiff in an amount to be determined at trial.

68. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

69. All of the acts of the Defendant as set forth in the preceding paragraphs are without permission, license, or consent of Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment that Defendants have violated Section 501 of the Copyright Act (17 U.S.C. § 501);

2. A judgment granting an injunction preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities, from:

    a. manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, perform, or sell the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Anbuying Copyrights;

    b.  reproducing, distributing, or publicly displaying the Anbuying Copyrights, creating any derivative works based on the Anbuying Copyrights, or engaging in any activity that infringes Plaintiff's rights in its Anbuying Copyrights; and

    c.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b);

3. A judgment ordering to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales of the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Anbuying Copyrights;

4. A judgment ordering Defendants to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendant in connection with Defendants' infringing conduct, including without limitation all remaining copies/inventory of the Infringing Works and any products and works that embody any reproduction or other copy or colorable imitation of the Anbuying Copyrights, as well as all means for manufacturing them;

5. A judgment that Defendants, at their own expense, be ordered to recall the Infringing Works from any distributors, retailers, vendors, or others that have distributed the Infringing Works on Defendants' behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Anbuying Copyrights, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it;

6. Awarding Plaintiff Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the

Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Anbuying Copyrights, or in the Court's discretion, such amount as the Court finds to be just and proper;

7. Awarding Plaintiff damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an amount to be proven at trial;

8. Should Plaintiff so elect, awarding Plaintiff statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

9. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

10. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums; and

11. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: April 14, 2025

Respectfully submitted,

/s/ *Sofia Quezada Hastings*
Sofia Quezada Hastings

***One of the Attorneys for Plaintiff, Shandong Anbuying Cross-border E-commerce Co., Ltd.***

Matthew De Preter
Sofia Quezada
Karolina Jozwiak
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3139
cdepreter@agdglaw.com
shastings@agdglaw.com
kjozwiak@agdglaw.com